```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SOUTHSIDE HOSPITAL,

                        Petitioner,

            -against-                          MEMORANDUM & ORDER
                                               15-CV-2282(JS)(GRB)
NEW YORK STATE NURSE'S ASSOCIATION,

                        Respondent.
----------------------------------------x
APPEARANCES
For Petitioner:        Peter D. Stergios, Esq.
                       McCarter & English LLP
                       245 Park Avenue, 27th Floor
                       New York, NY 10167

For Respondent:        Joshua John Ellison, Esq.
                       Richard M. Seltzer, Esq.
                       Cohen, Weiss and Simon LLP
                       330 West 42nd Street
                       New York, NY 10036
```

SEYBERT, District Judge:

Presently pending before the Court is: (1) Magistrate Judge Gary R. Brown's Report and Recommendation dated January 26, 2017, (the "R&R," Docket Entry 21) with respect to petitioner Southside Hospital's ("Petitioner" or "Southside") motion for summary judgment, (Pet'r's Mot., Docket Entry 15) and respondent New York State Nurse's Association's ("Respondent" or "NYSNA") cross motion for summary judgment, (Resp't's Mot., Docket Entry 14) and (2) Petitioner's objections to the R&R (the "Objections," Docket Entry 23). For the following reasons,

Petitioner's objections are OVERRULED and the R&R is ADOPTED in its entirety.

BACKGROUND

The Court assumes familiarity with the facts of this matter, which are set forth in detail in Judge Brown's R&R. Briefly, NYSNA is a labor organization that represents a bargaining unit of registered nurses at Southside. (Resp't's 56.1 Stmt., Docket Entry 14-3, ¶ 1.) Southside and NYSNA are parties to a collective bargaining agreement (the "CBA"), which provides, in relevant part, that "nurses should not be required to perform non-nursing functions on a regular basis as part of their assigned duties." (CBA, Pet'r's Mot. Ex. B, Docket Entry 16-2, at 10, ¶ 3.10.) The CBA notes that non-nursing functions include, but are not limited to, "transporting patients for routine tests," "laboratory specimen pickups," and "pharmacy stat med orders/delivery to the unit." (CBA at 10, ¶ 3.10.)

Article 14 of the CBA sets forth a grievance procedure. (CBA at 39-40.) To the extent a grievance is not adjusted after presentation to the employee's supervisor, the Director of Nursing, and the Personnel Director, any grievance that involves the "application or interpretation" of the CBA "may be submitted to arbitration by [Southside] or [NYSNA]." (CBA at 39-40.)

The CBA also provides that NYSNA shall establish a Committee on Nursing Practice (the "Committee") to "make

recommendations with respect to the philosophy of nursing practice specific to the Hospital and methods to foster adherence to that philosophy." (CBA at 4, ¶ 3.01(A).) The Committee analyzes factors that include "nursing involvement in non-nursing responsibilities" and "the adequacy of resources and support services essential to the practice of nursing." (CBA at 4, ¶ 3.01(B)(2).) Additionally, recommendations of the Committee "shall be referred in writing to the Director of Nursing and Hospital Administration." (CBA at 4, ¶ 3.01(B)(3).) The Administration's decision is final and not subject to the grievance and arbitration procedure set forth in Article 14 of the CBA. (CBA at 4, ¶ 3.01(B)(3).)

On February 18, 2014, NYSNA submitted a grievance alleging that Southside violated the CBA because registered nurses in the "Labor and Delivery Unit ("L&D") were routinely leaving the unit to make pharmacy runs, lab runs, transporting patients, and cleaning equipment." (Pet'r's 56.1 Stmt. ¶¶ 3-4 (internal quotation marks and citation omitted).) After Southside denied the grievance, the parties participated in arbitration hearings. (Pet'r's 56.1 Stmt. ¶¶ 5-6.) On December 17, 2014, the arbitrator issued an award finding that Southside violated the CBA (the "Arbitration Award"). (Resp't's 56.1 Stmt. ¶ 8.) Thereafter, Southside commenced this action seeking an Order vacating the Arbitration Award. (Pet., Docket Entry 1-3, at 1; ¶ 5.)

3

On July 8, 2016, NYSNA moved for summary judgment. (See Resp't's Mot.) On August 8, 2016, Southside cross-moved for summary judgment. (See Pet'r's Mot.) Southside argued, inter alia, that the parties' dispute was excluded by the CBA as the Committee was "designed to address the very issues raised in this arbitration." (Pet'r's Br., Docket Entry 17, at 5.) Similarly, Southside argued that the arbitrator exceeded his power and "went far outside the scope of the CBA, including his own power to interpret the labor agreement, creating a remedy that required [Southside] to provide nonbargaining unit staff when it had never agreed to do so and never agreed to allow an arbitrator to order it to do so." (Pet'r's Br. at 7-8.)

On October 13, 2016, the Court referred the pending motions for summary judgment to Judge Brown for a report and recommendation. (Referral Order, Docket Entry 20.)

A. The R&R

On January 26, 2017, Judge Brown issued his R&R recommending that NYSNA's motion be granted, and Southside's cross motion be denied. (R&R at 14-15.) Judge Brown found that the Arbitration Award qualified for confirmation and rejected Southside's proposed grounds for vacatur. (See generally R&R at 9-14.) Particularly, Judge Brown rejected Southside's contention that the CBA excluded the underlying dispute from arbitration. (R&R at 11.) Judge Brown found that the CBA's incorporation of

the rules of an arbitration association evidenced that the issue of arbitrability was referred to the arbitrator, and noted that Southside's arguments regarding arbitrability were "considered and rejected by the arbitrator." (R&R at 11-12.) Judge Brown further determined that Southside's reliance on "limited exclusionary language" in the CBA with respect to the finality of the recommendations of the Committee did not demonstrate that the parties' dispute was excluded from arbitration, as that language "relate[d] to a process separate and apart from the grievance/arbitration process enacted in the CBA: that of making recommendations concerning nursing philosophies and practices." (R&R at 12-13.)

Judge Brown also rejected Southside's argument that the arbitrator exceeded his powers, stating that such an argument fails along with Southside's argument regarding arbitrability since "[t]his argument depends entirely on the contention that the CBA excludes the instant dispute from the ambit of arbitration which . . . is inaccurate." (R&R at 13.) Finally, Judge Brown declined to credit Southside's argument that the arbitrator's remedy was "indefinite and non-final." (R&R at 14 (internal quotation marks and citation omitted).)

Judge Brown also recommended that NYSNA's application for the payment of costs in connection with this motion sequence be denied as premature. (R&R at 14.)

5

B. <u>Southside's Objections</u>

On February 16, 2017, Southside filed Objections to the R&R. (<u>See</u> Obj.) Southside argues that Judge Brown erred in finding that the CBA did not exclude the parties' dispute. (Obj. at 5.) Southside avers that the CBA "clearly and unambiguously requires the specific complaint at issue here to be resolved by the [Committee] and the Administration whose decision 'shall be final and not subject to Article 14.'" (Obj. at 5 (quoting CBA at 4).) Southside argues that the CBA's provision regarding the Committee indicates that "the disputes involving non-nursing responsibilities and adequacy of support services at issue are 'not subject to Article 14' arbitration, but subject [to] disposition by the [Committee]" and in the case at bar, this procedure was not followed. (Obj. at 8.) Southside argues that it follows that Judge Brown erred in concluding that the arbitrator did not exceed his authority. (Obj. at 6.)

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended

disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

Southside has not objected to Judge Brown's recommendation that the Arbitration Award be confirmed or his rejection of Southside's argument that the arbitrator's remedy was "indefinite and non-final." (See R&R at 9-11, 13-14 (internal quotation marks and citation omitted).) Additionally, Southside's Objection is a reiteration of its original argument that the parties' dispute is excluded from arbitration pursuant to the CBA's

7

provision regarding the Committee. (Compare Obj. at 5-9 with Pet'r's Br. at 5-9.) Accordingly, the Court reviews the R&R for clear error and finds none.

Putting aside the question of whether the CBA referred the issue of arbitrability to the arbitrator, (see R&R at 11-12), as noted by Judge Brown, "'[i]t is well settled that where claims are to be excluded from arbitration, it must be clearly and unambiguously stated in the agreement.'" (R&R at 11 (quoting Interstate Brands Corp. v. Bakery Drivers & Bakery Goods Vending Machs., Local Union 550, No. 96-CV-4454, 1998 WL 19974, at *4 (E.D.N.Y. Jan. 20, 1998), aff'd, 167 F.3d 764 (2d Cir. 1999)).) See also Ermenegildo Zegna Corp. v. Lanificio Mario Zegna S.P.A., No. 85-CV-6066, 1996 WL 721079, at *5 (S.D.N.Y. Dec. 13, 1996) ("[p]rovisions which purport to exclude certain disputes from arbitration must be clear and unambiguous or unmistakably clear") (internal quotation marks and citations omitted).

Here, the CBA does not include clear language excluding the underlying dispute from arbitration. While the CBA states that in making recommendations regarding nursing standards, the Committee is charged with analyzing factors that include "nursing involvement in non-nursing responsibilities" and "adequacy of resources," the CBA does not provide that any disputes that relate to these "factors" must be submitted to the Committee. (See CBA at 4, ¶ 3.01(B)(2).) Indeed, the express purpose of the Committee

8

is to make recommendations regarding "the philosophy of nursing practice specific to the Hospital and methods to foster adherence to that philosophy," not to make determinations regarding particular disputes. (CBA at 4, ¶ 3.01(A).) Accordingly, the Court concurs with Judge Brown that the CBA provision regarding the Committee "cannot reasonably be interpreted to exclude review of disputes regarding obligations undertaken by Southside that have already been made a part of the [CBA], or disputes growing out of the normal grievance procedure." (R&R at 13.)

Southside's attempt to analogize this matter to Chimbay v. AvalonBay Cmtys., Inc., 742 F. Supp. 2d 265, 282 (E.D.N.Y. 2008), and Bakery Confectionery Tobacco Workers & Grain Millers Int'l Union Local 116, AFL-CIO, CLC v. Wegmans Food Mkts., Inc., 66 F. Supp. 3d 333, 335 (W.D.N.Y. 2014), is equally unpersuasive. (See Obj. at 8.) In Chimbay, this Court found that an insurance policy provision stating that "insurance does not apply to any actual or alleged bodily injury to [a] present former, future, or prospective . . . employee of any insured" was unambiguous and precluded coverage for the plaintiff's injuries. Chimbay, 742 F. Supp. 2d at 282 (internal quotation marks and citation omitted; alterations in original). In Wegmans, an action to compel arbitration pursuant to the Labor Management Relations Act, the Western District held that the collective bargaining agreement's failure to define the terms "work rule" or "theft" did not render

9

ambiguous a provision stating that "[v]iolations of any of the following Company work rules are not in any way subject to arbitration, as the Company's decision is final: (1) All forms of theft." Wegmans, 66 F. Supp. 3d at 334.

Southside's argument that use of the terms "final," "subject to," and "shall" in the CBA's provision regarding the Committee somehow renders it unambiguous and "similar" to the provisions at issue in Chimbay and/or Wegmans strains the imagination. (Obj. at 8-9.) Moreover, these terms appear in the provision stating that the Committee's recommendations "shall" be referred to the Director of Nursing and Hospital Administration and "[t]he decision of Administration shall be final and not subject to Article 14." (CBA at 4, ¶ 3.01(B)(3).) The notion that this provision "express[ly]" excludes the underlying dispute from arbitration is wholly without merit and was properly rejected by Judge Brown.

## CONCLUSION

For the foregoing reasons, Petitioner's Objections (Docket Entry 23) are OVERRULED and the R&R (Docket Entry 21) is ADOPTED in its entirety. Petitioner's motion for summary judgment (Docket Entry 15) is DENIED. Respondent's cross motion for summary judgment (Docket Entry 14) is GRANTED to the extent that it seeks an award of summary judgment and the confirmation of the

Arbitration Award and DENIED WITHOUT PREJUDICE to the extent it seeks an Order directing Southside to pay NYSNA's litigation costs.

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __3__, 2017
       Central Islip, New York